Daniel R. Shaw (SB No. 281387)
daniel@snydershaw.com
Colleen A. Snyder (SB No. 27064)
colleen@snydershaw.com
Shaw Firm
3196 S. Higuera Street, Suite E
San Luis Obispo, CA 93401
Telephone: (805) 439-4646
Facsimile: (805) 301-8030
Attorneys for E.J.

Karen Samman (SB No. 214220)
ksamman@f3law.com
Rachael Tillman (SB No. 263224)
rtillman@f3law.com
Fagen Friedman & Fulfrost, LLP
70 Washington St. Ste. 205
Oakland, CA 94607-3705
Telephone: (510) 550-8200
Facsimile: (510) 550-8211
Attorneys for Campbell Union School District

Len Garfinkel (SB No. 114815)
lgarfinkel@cde.ca.gov
Assistant General Counsel
Angelique Huttonhill (SB No. 322957)
ahuttonhill@cde.ca.gov
Deputy General Counsel
Annalissa Maitz (SB No. 337222)
amaitz@cde.ca.gov
Deputy General Counsel
California Department of Education
1430 N Street, Suite 5319
Sacramento, CA 95814
Telephone: (916) 319-0860
Facsimile: (916) 322-2549
Attorneys for California School for the Deaf and the California Department of Education

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.J., a minor; by and through his guardian ad litem RaVae Jensen,<br><br>Plaintiff,<br><br>v.<br><br>Campbell Union School District, California School for the Deaf, and the California Department of Education,<br><br>Defendants. | CASE NO.: 3:23-cv-277<br><br>**JOINT PETITION FOR APPROVAL OF MINOR'S COMPROMISE** |

Plaintiff E.J., by and through his guardian ad litem, RaVae Jensen, the Campbell Union School District ("District"), the California School for the Deaf ("CSD"), and the California Department of Education ("CDE"), jointly petition the Court for approval of the parties'

proposed global settlement of this matter, and of the minors' compromise included herein.

## JURISDICTION

This is a civil action where Plaintiff E.J. and the Defendants are jointly seeking approval of a minor's compromise involving claims which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the actions being resolved arise under the following laws of the United States: Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), and 20 U.S.C. § 1415.

Venue in this Court is proper under 20 U.S.C. 1391(b) because E.J., CSD, and the District resided in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## DIVISIONAL ASSIGNMENT

Pursuant to Civil L.R. 3-2(d), this matter should be assigned to either the San Francisco or Oakland Division because this civil action arose in Alameda County.

## PARTIES

Plaintiff E.J. is an African American deaf minor student and resident of San Jose, California, located within the County of Santa Clara, California. E.J. is a special education student who is an individual with exceptional needs within the meaning of that term under California Education Code § 56026. E.J. is an individual with developmental impairments that substantially limited many major life activities within the meaning of 34 C.F.R. § 104.3(j). E.J. is entitled to be free from discrimination based on his disability.

The District is a public entity duly incorporated and operating under California law as a school district within the County of Santa Clara, California. The District is a public entity and recipient of federal financial assistance subject to the requirements of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

CSD is a state special school operated for the benefit of deaf and hard of hearing students pursuant to California Education Code §§ 59002 and 59102. CSD is under the administration of the CDE. *Id.* CSD is a public entity operating within the County of Alameda, California. CSD is a public entity and recipient of federal financial assistance subject to the requirements of Title

II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

CDE is California's state educational agency as defined under 20 U.S.C. § 1401(32). CDE is responsible for the supervision of public elementary schools, secondary schools, and CSD. CDE operates in the County of Sacramento, California. CDE is a public entity and recipient of federal financial assistance subject to the requirements of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

In enacting Title II of the Americans with Disabilities Act, Congress validly abrogated state sovereign immunity, and thus the Defendants may be sued pursuant to Title II. *Hanson v. Med. Bd. Of California*, 279 F.3d 1167, 1170 (9th Cir. 2002). By accepting federal funds, the District waived its sovereign immunity under the Eleventh Amendment to claims brought pursuant to Section 504 of the Rehabilitation Act of 1973. *Pugliese v. Dillenberg*, 246 F.3d 937 (9th Cir. 2002).

## BACKGROUND

**This Petition is Being Brought on the Following Grounds:**

Student E.J. is a minor who resides with his guardian ad litem and attended school at CSD. E.J. was placed at CSD as a result of an Individualized Education Plan ("IEP") team meeting that included the former district where Student resided and CSD. A current dispute exists between the parties related to the educational services provided to E.J. The District, CSD, and the CDE deny liability for the educational services provided to E.J. during the time period in question.

On May 18, 2022, E.J, by and through his guardian ad litem, RaVae Jensen, requested a special education due process hearing with the Office of Administrative Hearings ("OAH") in an effort to exhaust his administrative remedies and pursue federal civil rights claims against the District and its employees, and the CSD and CDE and their employees. Attached as Exhibit One. On August 23, 2022, Parties attended a mediation in the administrative matter convened by the OAH. At that time, Parties were unable to reach a settlement.

On October 11, 2022, the OAH began E.J.'s special education due process hearing. E.J.'s special education due process hearing continued over several weeks due to delays in

securing qualified American Sign Language interpreters. On November 1, 2022, the OAH convened a special mediation in which all Parties participated. As a result of that mediation, the Parties signed settlement agreements ("the Agreements") which required two conditions to become effective. Attached as Exhibits Two and Three. First, the settlement with the District required approval of the agreement by the District's Governing Board. The District's Governing Board approved the settlement on December 15, 2022. Second, the Agreements require approval of this Court through a minors' compromise. If this Court approves the Agreements, all conditions will have been met and Parties will have enforceable settlement of E.J.'s claims.

While the administrative proceeding with the OAH is ongoing, the OAH has continued the trial dates to allow time for this Court to approve this Joint Petition for Approval of Minors Compromise ("Petition"). If this Court approves the Petition, the OAH matter will be dismissed. By approving the Petition, the Court will save Parties the burden and costs of having to proceed through the OAH process to exhaust administrative remedies prior to pursuing civil rights claims. All Parties are committed to saving resources and reaching a fair resolution. As discussed below, Plaintiff's counsel believes the Agreements are fair and serve the best interest of E.J.

### **THE SETTLEMENT AGREEMENT**

The Agreements will resolve fully, finally, and forever any and all known and unknown claims, rights, demands, or causes of actions between E.J. and the Defendants that were raised or could have been raised up to November 4, 2022.

**The District's Settlement Terms:**

1. The District will fund a special needs trust in the amount of forty-one thousand dollars ($41,000) to be placed in Plaintiff's legal counsel's client trust. Plaintiff's legal counsel will use a portion of these funds to establish a special needs trust with an estate planning attorney as discussed in detailed below. Once the trust is established, Plaintiff's counsel will deposit the remaining funds in the special needs trust. It is estimated the creating of a special needs trust will cost approximately six

thousand dollars ($6,000).[1]

2. Additionally, the District will pay seventeen thousand five hundred dollars ($17,500) for reasonable fees and costs incurred as a result of the OAH administrative proceeding.

**CSD/CDE[2] Settlement Terms:**

1. The State Respondents will fund a special needs trust in the amount of one hundred twenty thousand dollars ($120,000) to be placed in Plaintiff's legal counsel's client trust. Plaintiff's legal counsel will use a portion of the funds to establish a special needs trust with an estate planning attorney as discussed in detailed below. Once the trust is established, Plaintiff's counsel will deposit the remaining funds in the special needs trust.

2. Additionally, the State Respondents will pay sixty thousand dollars ($60,000) for reasonable fees and costs incurred as a result of the OAH administrative proceeding.

**Special Needs Trust:**

1. The proposed settlement provides for immediate cash payments to E.J. through a Special Needs trust under 42 U.S.C. § 1396p(d)(4)(A) and California Probate Code § 3600, et seq.

2. Pursuant to Probate Code 3604(b), a Special Needs Trust may be established if the court determines all of the following:

    a) That the minor or person with a disability has a disability that substantially impairs the individual's ability to provide for the individual's own care or custody and constitutes a substantial handicap;

    b) That the minor or person with a disability is likely to have special needs that will not be met without the trust; and

    c) That money to be paid to the trust does not exceed the amount that appears reasonably necessary to meet the special needs of the minor persons with a

---

[1] One trust will be created for both the District and CDE settlement amounts.
[2] The California School for the Deaf and the California Department of Education will be referred to collectively as the "State Respondents."

disability.

3. Pursuant to Probate Code Section 3604(b)(1), E.J. is a deaf minor with severe learning disabilities. E.J.'s disabilities impact him in all areas of development, including though not limited to, the ability to communicate, socialize, adaptive functioning, academics, and other areas of daily living.

4. Pursuant to Probate Code Section 3604(b)(2), E.J. will always have special needs that will not be met without the special needs trust. Without the trust, E.J. will be ineligible for public assistance programs. These benefits are vital to E.J.'s continued support, safety, and personal well-being. Such essential needs as personal care assistance, independent living services, and medical services that will not be met or available without the protection offered by a special needs trust.

5. Pursuant to Probate Code Section 3604(b)(3), the money to be paid to the trust does not exceed the amount that appears to be reasonably necessary to meet the special needs of E.J.

6. While this Court is not bound by the California Rules of Court, the proposed special needs trust will also fully comply with California Rule of Court, Rule 7.903. Indicated below are the various sections of the proposed special needs trust that will comply with Subsection (c) of Rule 7.903, which states: Except as provided in (d), unless the court otherwise orders for good cause shown, trust instruments for trusts funded by court order must:

   a) Not contain "no-contest" provisions;
   b) Prohibit modification or revocation without court approval;
   c) Clearly identify the trustee and any other person with authority to direct the trustee to make disbursements;
   d) Prohibit investments by the trustee other than those permitted under Probate Code section 2574;
   e) Require the trustee to file accounts and reports for court approval in the manner and frequency required by Probate Code sections 1060 et seq. and 2320 et seq.;

f)  Require court approval of changes in trustees and a court order appointing any successor trustee;

g)  Require compensation of the trustee or the attorney for the trustee, to be in just and reasonable amounts that must be fixed and allowed by the court. The instrument may provide for periodic payments of compensation on account, subject to the requirements of Probate Code section 2643 and California Rule of Court 7.755.

**The Proposed Settlement is Fair to the Minor Plaintiff E.J.**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir.2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)).

When considering a proposed settlement in suits involving minor plaintiffs, the district court is required to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id*., (quoting *Dacanay*) In *Robidoux*, the Ninth Circuit held that district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1181–82. Further, the fairness of each minor plaintiff's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel— whose interests the district court has no special duty to safeguard." *Id*. at 1182 (citing *Dacanay*, 573 F.2d at 1078).

While it was difficult to find factually similar cases, other cases with similar legal allegations have been litigated and support Plaintiff's legal counsel's belief the Agreements contain terms in the best interest of E.J. *See, e.g.*, *Warchol v. Kings Cty. Office of Educ.*, No. 1:17-cv-00106-DAD-MJS, 2018 WL 1185053 (E.D. Cal. Mar. 7, 2018) (approving net recovery

of $56,488.32, where plaintiff diagnosed with autism alleged ongoing verbal and physical abuse by teacher); *D.C. ex rel. T.C. v. Oakdale Joint Unified Sch. Dist.,* No. 1:11-cv-01112-SAB, 2013 WL 275271 (E.D. Cal. Jan. 23, 2013) (approving net settlement payment of $30,000 based on allegations that the school improperly used restraints and other punishments on minor, resulting in a sprained ankle in one instance); *T.B. v. Chico Unified Sch. Dist.*, No. 2:07-cv-00926-GEB-CMK, 2010 WL 1032669 (E.D. Cal. Mar. 19, 2010) (approving net settlement payment of $16,500 based on allegations that the minor was subject to unnecessary force at school).

The net recovery is also higher than settlements approved by the Northern District of California. In *E.H. v. Brentwood Union School District*, Case No. 3:2013-cv-03243, (N.D. Cal. Oct. 27, 2014), the court approved a settlement of $50,000 based on allegations that a special education student was subjected to unlawful corporal punishment because of his disabling condition.

In *C.F. v. San Lorenzo Unified Sch. Dist.*, No. 16-CV-01852-RS, 2016 WL 4521857, at *2 (N.D. Cal. Aug. 29, 2016), plaintiff initiated claims arising under the Individuals with Disabilities Education Act after the school district deemed C.F. ineligible to receive special education services and support. Before C.F. entered kindergarten, a parent asked the district to perform special education testing. Although the district complied, at the end of the assessment, it concluded C.F. was ineligible to receive special education services. While the action was pending, the district reevaluated C.F. and concluded he was eligible to receive special education. *Id.* The court approved a settlement in the amount of $65,000, with $10,000 of the total fund going to provide C.F. with educational services, and attorneys' fees in the amount of $55,000 of the $65,000 fund. *Id.* ("[T]he primary goal of this action was to ensure C.F. received the special education services he needs. The District has agreed to provide those services and to compensate C.F. for any educational opportunities he lost while this litigation was ongoing.")

In *D.C. ex rel. T.C. v. Oakdale Joint Unified Sch. Dist*., No. 1:11-CV-01112-SAB, 2013 WL 275271, at *2 (E.D. Cal. Jan. 23, 2013), plaintiff alleged that the school district failed to provide proper programs, services, and activities to D.C. The claims were settled for the sum total

of $65,000, with $30,000 to be disbursed to D.C. (held in a Uniform Minor's Account, with T.C. as custodian), $18,379 to T.C., $6,689.50 to legal fees, $6,689.50 to other legal fees, and $3,242 to Medi-Cal to satisfy potential liens related to D.C.'s medical treatment. *Id*. As supported by the above referenced cases, the Agreement in this case is comparable or exceed other net recoveries.

Accordingly, the net recovery to E.J. will be substantial. The amounts allocated to the special needs trusts will be more than sufficient to cover the educational costs and care for E.J. and to provide the compensatory services he requires as a result of the incidents alleged. The terms of the Agreements allow E.J.'s mother to use funds from the trust for the purposes of providing the compensatory supports and services he requires. Plaintiff's legal counsel believes that the settlement is fair and reasonable. The Defendants dispute liability for E.J.'s injuries and damages.

In accordance and based on the forgoing, the Parties respectfully request that the Court approve the proposed Agreements and the distribution of settlement funds as described herein.

Respectfully submitted,

Dated: January 19, 2023          /S/ DANIEL R. SHAW
                                 Daniel R. Shaw
                                 Attorney for Plaintiff

Dated: January 19, 2023          /S/ KAREN SAMMAN
                                 Karen Samman
                                 Attorney for the District

Dated: January 19, 2023          /S/ LEN GARFINKEL
                                 Len Garfinkel
                                 Attorney for CSD and CDE